**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

**CHAN GARNETT,**
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

v.

**INDEBTED USA INC.**

**Defendant.**
______________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Chan Garnett ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Indebted USA Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is operating, present, and/or doing business within this District and because the complained of conduct of Defendant occurred within Denton County, Texas.

3. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Denton County, Texas.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Texas, residing in Denton County, Texas.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street | Wilton Manors, Florida 33305 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant is a Missouri corporation, with its principal place of business located in O'Fallon, Missouri.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

7. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

### The Communications

14. On a date better known by Defendant, Defendant contacted Plaintiff in an attempt to collect the Consumer Debt.

15. On or about March 13, 2025, Plaintiff mailed Defendant a written letter instructing Defendant to cease and desist from all collection activities related to the Consumer Debt immediately (the "Cease-and-Desist Letter").

16. Attached as Exhibit "A" is a copy of the Cease-and-Desist Letter.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street | Wilton Manors, Florida 33305 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17. Upon receiving the Cease-and-Desist Letter, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

18. On or about March 17, 2025, March 19, 2025, March 21, 2025, March 23, 2025, and March 25, 2025, despite knowing that Plaintiff had requested Defendant to cease communication with him, Defendant sent Plaintiff five (5) emails in an attempt to collect the Consumer Debt (the "Subject Communications").

19. Attached as Exhibit "B" are copies of the Subject Communications.

20. Plaintiff's receipt of one or more unwanted messages from Defendant was a concrete harm suffered by Plaintiff. *See Marks v. Javitch Block LLC*, No. 1:23-cv-431-MJT-CLS, 2024 U.S. Dist. LEXIS 36711, at *6 (E.D. Tex. Feb. 27, 2024) ("the receipt of 'a single, unwanted message' constitutes the same kind of harm as protected by 'intrusion upon seclusion or other privacy torts.'") (quoting *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 826 (5th Cir. 2022)).

## CLASS ALLEGATIONS

### PROPOSED CLASS

21. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined "FDCPA Class."

22. The **"FDCPA Class"** consists of [1] all consumers with United States addresses [2] that were sent a communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said communication was sent to the consumer *after* the consumer requested Defendant to cease communications with the consumer.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street | Wilton Manors, Florida 33305 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23. Defendant and its employees or agents are excluded from the Class.

24. Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

**<u>NUMEROSITY</u>**

25. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after such consumers requested Defendant to cease communications. The members of the FDCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

27. There are numerous questions of law and fact common to the FDCPA Class which predominate over any questions affecting only individual members of the FDCPA Class. Among the questions of law and fact common to the FDCPA Class are:

(a) Whether Defendant sent a text message or phone call to Plaintiff and members of the FDCPA Class in an attempt to collect a debt;

(b) Whether Defendant is a debt collector

(c) Whether Defendant, by and through said text message or phone call, violated the FDCPA

(d) Whether Defendant is liable for damages, and the amount of such damages; and

(e) Whether Defendant should be enjoined from such conduct in the future.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street | Wilton Manors, Florida 33305 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

28. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends communications that violate 15 U.S.C. § 1692c(c) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

29. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

30. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

31. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

32. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street | Wilton Manors, Florida 33305 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
***(For Plaintiff and the FDCPA Class)***

33. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 1-32 of this Class Action Complaint as though fully stated herein.

34. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to *cease further communication* with the consumer, the debt collector *shall not communicate further* with the consumer with respect to such debt." 15 U.S.C. § 1692c(c) (emphasis added).

35. On or about March 13, 2025, Defendant was notified in writing that Plaintiff wished for Defendant to cease communication with him with respect to the Consumer Debt.

36. Upon information and belief, Defendant knew that Plaintiff had requested Defendant to cease communications with Plaintiff. Despite knowing this, by and through the Subject Communications, Defendant communicated and/or contacted Plaintiff in connection with the collection of the Consumer Debt.

37. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Subject Communications.

**WHEREFORE**, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff and members of the FDCPA Class the following relief:

(a) Statutory damages, as provided by 15 U.S.C. §1692k;



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street | Wilton Manors, Florida 33305 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b) Costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k and/or other applicable law; and

(c) Any other relief that this Court deems appropriate under the circumstances.

DATED: July 10, 2025

Respectfully Submitted,

/s/ Zane C. Hedaya .

**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*